UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ATWATER FARMS, INC.,

        Plaintiff,              Case No. 1:20-cv-12095

v.

                                                Honorable Thomas L. Ludington
INNOVATIVE ENVIRONMENTAL          United States District Judge
COMPANIES, INC.,

        Defendant.
_____/

### ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER

This matter is before this Court upon Defendant's Motion for Leave to File an Amended Answer. ECF No. 17. For the reasons stated hereafter, Defendant's Motion will be granted.

**I.**

This is a standard breach-of-contract action arising from the sale of an industrial hemp dryer. Plaintiff Atwater Farms, Inc. is a Michigan-based, family-run business engaged in "the growing, harvesting, and processing of hemp and hemp by-products," including cannabidiol (CBD) oil. ECF No. 1 at PageID.2. In March 2019, Plaintiff purchased an industrial hemp dryer, the "HEMP 6000L," from Defendant Innovative Environmental Companies, Inc. *Id.* at PageID.3. Plaintiff allegedly purchased the dryer based on Defendant's claim that it "[would] produce a feed rate of 6,000lbs per hour." *Id.* at PageID.4. But according to Plaintiff, the dryer "never came close" to performing as promised. *Id.* (emphasis omitted). After a new intake system failed to remedy the problem, Plaintiff filed a complaint alleging several state-law claims, including fraud in the inducement and breach of warranty. *See id.* at PageID.6–13.

In answering Plaintiff's Complaint, Defendant raised numerous affirmative defenses, one of which, "Affirmative Defense No. 15," states, "Plaintiff's claims are barred in total, or at least in part, by the provisions of the Uniform Commercial Code." ECF No. 17 at PageID.108 (emphasis omitted). Defendant now seeks to expand on that defense.

On October 26, 2021, Defendant filed the instant Motion for Leave to File an Amended Answer. *Id.* Defendant states that as part of the sale, it furnished to Plaintiff a binding agreement titled "Terms and Conditions of Sale." *Id.* at PageID.106. That agreement, according to Defendant, expressly waives all warranties regarding the HEMP 6000L, and limits Defendant's potential liability to the purchase price. *Id.* at PageID.107. Thus, Defendant seeks to file an amended answer with three additional affirmative defenses that outline the alleged waiver and liability terms. *Id.* at PageID.109.

In its Motion, Defendant states that it "requested but did not obtain [Plaintiff's] concurrence." *Id.* at PageID.103–04. Plaintiff has not responded. *See* E.D. Mich. L.R. 7.1(e)(1) (requiring most responses to be "filed within 14 days after service of the motion").

## II.

Defendant's Motion is governed by Federal Rule of Civil Procedure 15, which provides, "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). In this way, "Rule 15 plainly embodies liberal amendment policy." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules

- 3 -

require, be 'freely given.'" *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)).

Defendant's Motion clearly satisfies Rule 15. As discussed in Part I, *supra,* Defendant's proposed amendment represents a straightforward expansion of its argument that the Uniform Commercial Code bars Plaintiff's requested relief. And despite Plaintiff's lack of a response, this Court has carefully reviewed the docket and relevant pleadings and finds no reason to suspect bad faith on Defendant's part. *See Parchman*, 896 F.3d at 736. Further, Plaintiff's Complaint includes a copy of the agreement that forms the basis of Defendant's proposed amendment. *See* ECF No. 1-3 at PageID.30. As indicated, there is no reason to believe Defendant's amendment would prejudice Plaintiff in any way. *See Parchman*, 896 F.3d at 736. For those reasons, Defendant's Motion for Leave to Amend will be granted.

### III.

Accordingly, it is **ORDERED** that Defendant's Motion for Leave to File an Amended Answer, ECF No. 17, is **GRANTED** and shall be individually filed on the docket by **December 3, 2021**.

Dated: November 23, 2021
                                                            s/Thomas L. Ludington
                                                            THOMAS L. LUDINGTON
                                                            United States District Judge