UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ATWATER FARMS, INC.,

        Plaintiff,                          Case No. 1:20-cv-12095

v.                                       Honorable Thomas L. Ludington
                                                 United States District Judge
INNOVATIVE ENVIRONMENTAL
COMPANIES, INC.,

        Defendant.
_____/

**OPINION AND ORDER GRANTING AND DENYING IN PART DEFENDANT'S MOTION TO REOPEN DISCOVERY**

This matter is before this Court upon Defendant's Motion to Reopen Discovery. ECF No. 21. For the reasons stated hereafter, Defendant's Motion will be granted and denied in part. An amended scheduling order will issue separately.

**I.**

This is a standard breach-of-contract case arising from the sale of an industrial hemp dryer. Plaintiff Atwater Farms, Inc. is a Michigan-based, family-run business engaged in "the growing, harvesting, and processing of hemp and hemp by-products," including cannabidiol (CBD) oil. ECF No. 1 at PageID.2. In March 2019, Plaintiff purchased an industrial hemp dryer, the "HEMP 6000L," from Defendant Innovative Environmental Companies, Inc. *Id.* at PageID.3. Plaintiff allegedly purchased the dryer because Defendant claimed that it "[would] produce a feed rate of 6,000lbs per hour." *Id.* at PageID.4. But according to Plaintiff, the dryer "never came close" to performing as claimed. *Id.* (emphasis omitted). After a new intake system failed to remedy the problem, Plaintiff filed a complaint alleging several state-law claims, including fraud in the inducement and breach of warranty. *See id.* at PageID.6–13.

On November 6, 2020, a scheduling order was entered providing for a discovery cutoff of June 1, 2022. ECF No. 10. The parties later stipulated to an order extending the discovery cutoff to July 9, 2021, citing delays caused in part by the COVID-19 pandemic. ECF No. 12 at PageID.89.

On July 14, 2021, the parties appeared for a settlement conference, during which they agreed to participate in mediation with Attorney Ted W. Stroud. Because the first mediation session was scheduled for September 28, 2021, this Court again adjourned the scheduling order on September 2, 2021, setting a new trial date of March 1, 2022. ECF No. 15.

On January 20, 2022, Defendant filed a motion to reopen discovery and adjourn the remaining trial dates. ECF No. 21. Defendant explains that the parties have not conducted any depositions because they agreed to forego deposition discovery until they completed mediation, which ultimately proved unsuccessful.[1] *Id.* at PageID.182. Plaintiff apparently opposes Defendant's motion but has not filed a response brief.[2]

## II.

"District courts have broad discretion under the rules of civil procedure to manage the discovery process and control their dockets." *Marie v. Am. Red Cross*, 771 F.3d 344, 366 (6th

---

[1] Shortly after Defendant filed its motion, Mr. Stroud filed a mediation status report indicating that mediation was completed on January 26, 2022, that mediation was unsuccessful, and that "no further mediation is contemplated." ECF No. 22 at PageID.22.

[2] Although the parties apparently agreed to forego deposition discovery, Plaintiff's counsel allegedly declined to produce its witnesses for deposition, telling Defendant's counsel that "discovery [had] closed." ECF No. 21 at PageID.180. Plaintiff's counsel also apparently declined to concur in Defendant's motion to reopen discovery. *Id.* This is the second time that Plaintiff's counsel has declined to concur with a motion while refusing to file a response brief. *See* Order Granting Def.'s Mot. to Amend, ECF No. 18 at PageID.156. Although Plaintiff need not concur with any of Defendant's motions, it should still clarify whether it has any objection to the relief sought.

Cir. 2014); FED. R. CIV. P. 16(b)(4) (authorizing district court to modify scheduling order "for good cause"). In deciding whether to reopen discovery, courts typically consider five factors:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.

*Marie*, 771 F.3d at 366 (cleaned up). "[T]he overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id*

### III.

#### A.

The second, third, and fourth *Marie* factors weigh in favor of reopening discovery. With respect to how additional discovery would affect the case, the entire case turns on the parties' communications during the sale of the dryer. *See* ECF No. 1 at PageID.3–4 (discussing Defendant's alleged communications). Without deposition discovery, it is unclear whether either side could effectively explore those communications, particularly those made verbally. *See id.* at PageID.3 (claiming that "[Defendant's representatives] made various verbal representations regarding the [dryer]").

As for the length of discovery, discovery was open for eight months but was hindered by the COVID-19 pandemic. *See* ECF No. 12 at PageID.89 (adjourning scheduling order based in part on delays caused by "pandemic restrictions"). Thus, given the fact-intensive nature of the case, more discovery seems reasonable.

Regarding the fourth factor—whether the moving party was dilatory—Plaintiff filed its Motion to Reopen on January 20, 2022, six days *before* mediation ended. *See* ECF Nos. 21; 22. In other words, Plaintiff diligently notified this Court of the need for additional discovery.

By contrast, the first and fifth *Marie* factors weigh against reopening discovery. With respect to the first factor, Plaintiff should have known from the beginning of discovery that depositions would be necessary. Further, though parties are encouraged to resolve discovery issues themselves, Defendant should have submitted a proposed order to formalize its agreement with Plaintiff to forego deposition discovery. Still, it was not unreasonable for the parties to forego depositions in anticipation of mediation; nor was it unreasonable for Defendant to expect that such discovery could resume once mediation ended. For these reasons, the first factor weighs slightly against reopening discovery.

Similarly, the fifth factor—the adverse party's responsiveness—weighs slightly against reopening discovery. By all appearances, Plaintiff cooperated during document discovery, allowing the parties to exchange "thousands of pages of documents." ECF No. 21 at PageID.182. But Plaintiff declined to participate in deposition discovery or join Defendant's motion to reopen discovery, despite the parties' apparent agreement to forego deposition discovery in favor of mediation.

In summary, of the five *Marie* factors, three weigh in favor of reopening discovery and two weigh against. Therefore, Defendant's motion to reopen discovery will be granted.

**B.**

The only remaining issue is the timeframe for the additional discovery. Defendant requests 120 days but offers no explanation for its request. Indeed, Defendant does not identify the number of witnesses it anticipates deposing or how it will conduct those depositions. The only clue that Defendant gives is the mention of "lengthy [expert] reports" produced by both parties. *Id.* at PageID.182. Without a more specific showing, Defendant's preferred 120-day period seems unnecessary.

After reviewing the record, this Court finds that the parties can complete all necessary depositions within 60 days. Either party may file a motion for additional time but must support its motion with specific facts.

## IV.

Accordingly, it is **ORDERED** that Defendant's Motion to Reopen Discovery, ECF No. 21, is **GRANTED**. Discovery will be reopened for approximately 60 days for the limited purpose of conducting depositions. An amended scheduling order will issue separately.

Dated: February 15, 2022                              s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge